IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD M. GILMAN,

    Plaintiff,                      No. CIV S-04-0035 DFL KJM P

    vs.

EDWARD S. ALAMEIDA, et al.,

    Defendants.          <u>FINDINGS & RECOMMENDATIONS</u>

/

        Plaintiff is a state prisoner proceeding pro se with an action for violation of civil rights under 42 U.S.C. § 1983. Defendant Zhu[1] filed a motion to dismiss on August 26, 2005.

        In his complaint, plaintiff claims that on July 13, 2003, defendant Zhu approved plaintiff for placement in segregated housing without consideration of plaintiff's medical condition. Am. Compl. at 6.[2] Defendant Zhu claims plaintiff has failed to exhaust available

---

[1] On May 20, 2005, the court ordered that plaintiff's Eighth Amendment claims in his December 21, 2004 amended complaint be served on defendant Zhu. The court did not order service of process upon the other defendants listed in plaintiff's complaint. <u>See</u> 28 U.S.C. § 1915A(a).

[2] Citations to the amended complaint are to the narrative complaint attached to the form complaint.

1

1  administrative remedies with respect to this claim.  Plaintiff has filed an opposition[3] and
2  defendant a reply.

3        A motion to dismiss for failure to exhaust administrative remedies prior to filing
4  suit arises under Rule 12(b) of the Federal Rules of Civil Procedure.  Wyatt v. Terhune, 315 F.3d
5  1108, 1119 (9th Cir. 2003).  In deciding a motion to dismiss for a failure to exhaust non-judicial
6  remedies, the court may look beyond the pleadings and decide disputed issues of fact.  Id. at
7  1120.  If the district court concludes that the prisoner has not exhausted non-judicial remedies,
8  the proper remedy is dismissal of the claim without prejudice.  Id.

9        The Prison Litigation Reform Act provides that "[n]o action shall be brought with
10 respect to prison conditions under section 1983 of this title, . . . until such administrative
11 remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  California prison regulations
12 provide administrative procedures in the form of one informal and three formal levels of review
13 to address plaintiff's claims.  See Cal. Code Regs. tit. 15, §§ 3084.1-3084.7.  Administrative
14 procedures generally are exhausted once a prisoner has received a "Director's Level Decision,"
15 or third level review, with respect to his issues or claims.  Cal. Code Regs. tit. 15, § 3084.5.  All
16 steps must be completed before a civil rights action is filed, unless it is shown a step was
17 unavailable to plaintiff.  Ngo v. Woodford, 403 F.3d 620 (9th Cir. 2005).  Exhaustion during the
18 pendency of the litigation will not save an action from dismissal.  McKinney v. Carey, 311 F.3d
19 1198, 1200 (9th Cir. 2002).

20       With his motion, defendant has submitted affidavits from two prison employees
21 attesting that plaintiff never filed a grievance at any level regarding the actions of defendant Zhu
22 at issue in this case.  See Declarations of N. Grannis and M. Cry in Supp. Mot. to Dismiss.  In his
23 opposition, plaintiff fails to overcome defendant's showing, although he continues to assert he

---

[3] On October 27, 2005, the court granted plaintiff thirty days in which to file an amended opposition to defendant Zhu's motion to dismiss.  Plaintiff has not filed an amended opposition.  Therefore, the court will consider plaintiff's original opposition filed on October 7, 2005.

has exhausted. Plaintiff has attached a grievance to his opposition, but nothing in the grievance suggests the matters grieved concern defendant Zhu or his actions challenged now. Therefore, the court will recommend that plaintiff's Eighth Amendment claim against defendant Zhu be dismissed without prejudice for failure to exhaust administrative remedies prior to filing suit.

Additionally, the court notes that on May 20, 2005, it did not order service of plaintiff's state law claims because it appeared plaintiff had not pled compliance with the California Tort Claims Act. After a further review of plaintiff's amended complaint, it appears plaintiff did in fact plead compliance with the Tort Claims Act. Am. Compl. at 3. The court has supplemental jurisdiction over plaintiff's state law claims under 28 U.S.C. § 1367. However, when all federal claims have been dismissed before trial, the interests promoted by supplemental jurisdiction are no longer present, and a court should decline to exercise jurisdiction over state law claims. Carnegie-Mellon University v. Cohill, 484 U.S. 343, 350 n.7 (1988). Therefore, the court will recommend that plaintiff's state law claims be dismissed without prejudice to filing in state court.

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Defendant Zhu's August 26, 2005 motion to dismiss be granted;

2. Plaintiff's Eighth Amendment claim against defendant Zhu be dismissed for failure to exhaust administrative remedies prior to filing suit;

3. Plaintiff's state law claims be dismissed without prejudice to filing in state court; and

4. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections

shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 8, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

---

1
gilm0035.57